# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 27 | **DATE** | 1/2?/2001 |
| **CASE TITLE** | JIMMY M. WARD vs. P.O. BENSON, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion for summary judgment is granted as to the remaining count. Enter memorandum opinion and order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | JAN 26 2001 | date docketed | | 20 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | | |
| | Mail AO 450 form. | 01 JAN 25 PM 5:00 | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | |
| LG | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JIMMY M. WARD,

    Plaintiff,

    v.

P.O. BENSON, P.O. MAZZACCOLI, and
P.O. C. ROJAS

    Defendants.

)
)
)
)
)
)
)
)
)
)
)

No. 00 C 0027

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiff commenced an action against defendant police officers James Benson (Benson),

Michael Mazzaccoli (Mazzaccoli), and Carl Rojas (Rojas), alleging false arrest pursuant to 42 U.S.C.

§ 1983 and property deprivation. On May 16, 2000 plaintiff's property deprivation claim was

dismissed with prejudice for failure to state a claim. Before this Court is the defendants' Motion

for Summary Judgment under Federal Rule of Civil Procedure 56(c) seeking summary judgment for

the remaining claim of false arrest.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and

admission on file, together with affidavits, if any, show that there is no genuine issue as to any

material fact." Fed. R. Civ. P. 56(c). All the evidence and the reasonable inferences that may be

drawn from the evidence is viewed in the light most favorable to the nonmovant. *Miller v. American

Family Mutual Insurance Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). However, the nonmovant must

still come forward with evidence establishing the elements of his claim on which he bears the burden

of proof at trial. Consequently, the inquiry on summary judgment is whether the evidence presents



a sufficient disagreement to require submission to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986). Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

Defendants are Chicago Police Officers assigned to the 25th District as tactical officers. The duties of a tactical officer include aggressive patrol and attention to "hot spots" such as areas of high narcotics traffic. (Def.'s 56.1(a)(3) Statement ¶¶ 4-7). On March 21, 1998, the Officers were dressed in plainclothes on patrol in the 25th District in an unmarked car. (Id., at ¶ 8). During their patrol, the Officers drove down Waller Street, an area known for high narcotics activity. (Id., at ¶ 9). Plaintiff was walking down Waller Strret and saw a man (now known to be Michael Whites (Whites)) that he did not know. Plaintiff approached Whites and engaged in a brief conversation. (Id., at ¶ 10). As the Officers drove down Waller Street they observed plaintiff approach Whites and engage in a brief conversation. (Id., at ¶ 11). During the conversation, the Officers observed plaintiff reach into his pocket and hand something to Whites, which Whites accepted. (Id., at ¶¶ 12-13). The Officers then observed Whites take something out of his pocket and hand it toward plaintiff. (Id., at ¶ 14; Benson's Deposition p. 33).

Believing they were observing a narcotics transaction, the Officers approached plaintiff and Whites on the sidewalk. (Def.'s 56.1(a)(3) Statement ¶¶ 15-16 ). As they approached plaintiff and Whites, Whites made eye contact with Officer Benson who was in the lead. Upon making eye contact, Whites dropped a small blue-tinted plastic bag to the ground and started to flee. (Id., at

2

¶¶17, 20). Officer Benson stated, "he just dropped," referring to dropping of narcotics; and Officer Mazzoccoli observed the blue-tinted plastic bag on the ground. (Id., at ¶¶ 18-19). Officer Benson ordered Whites to stop and come back; Whites stopped. (Id., at ¶ 21). Officer Benson recovered a $10 bill from Whites' left hand and recovered the plastic bag on the ground which he showed to Officers Mazzoccoli and Rojas. (Id., at ¶ 21-22). Officer Benson arrested Whites, and Officer Mazzoccoli arrested plaintiff for attempted possession of a controlled substance. (Id., at ¶ 24).[1]

Defendants contend that summary judgment is proper because plaintiff was arrested with probable cause and because the Officers have qualified immunity based on their reasonable belief that they had probable cause to arrest plaintiff.

"The existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest...." *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989). Probable cause to arrest exists if the facts and circumstances within the officer's knowledge and reasonably trustworthy information he or she has are sufficient to warrant a prudent person in believing that the

---

[1] Plaintiff filed 22 additional facts in response to defendants' Motion for Summary Judgment. Several of the "additional facts" were repetitive of defendants' facts and provided no additional information. The remaining "additional facts" are not included in the above statement of facts because they are not relevant to whether the defendants had probable cause to arrest plaintiff, *i.e.*, the reason plaintiff was in the area (to retrieve his car) and the actions of the officers after plaintiff was arrested (pat-down search and handcuffing plaintiff). Furthermore, plaintiff's only support for his additional facts is his affidavit and the affidavit of his brother. Plaintiff did not include deposition testimony to support his statements or his affidavit. In addition, some of the plaintiff's statements conflict with his response to defendant's statement of facts and plaintiff's deposition testimony (*i.e.*, plaintiff's affidavit and additional fact # 17 state that Whites complied with Officer Benson's request to come to the car. However, plaintiff did not deny that Whites fled from the scene in responding to defendants' statement of facts; and he testified at his deposition that Whites "left" the area). See *Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527, 532 (7th Cir. 1999) ("when a conflict arises between a plaintiff's own sworn deposition and his sworn affidavit, the deposition testimony overrides statements made in the affidavit").

3

suspect has committed or was committing a crime. *Booker v. Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996). The Court evaluates probable cause "'not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer – seeing what he saw, hearing what he heard.'" *Booker*, 94 F.3d at 1057-58 (citation omitted). The inquiry does not depend upon whether the officer was correct but whether the facts as they would have appeared to a reasonable officer at the time of the arrest constitute probable cause. *See Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998).

In the instant case, the Officers were assigned to patrol an area known for its high narcotics activity. The Officers observed plaintiff approach a man on the street and engage in a brief conversation. They further observed plaintiff hand the other man something the plaintiff had taken from his pocket. Following the exchange, the Officers approached the two individuals and observed the other man drop a small plastic bag and attempt to flee. The Officers retrieved the bag, believed it to be narcotics, and retrieved money from the hand of the other man. Based on these facts known to the Officers at that time, the Officers had probable cause to arrest defendant for attempted possession of a controlled substance. See *United States v. Sophie*, 900 F.2d 1064, 1072-73 (7th Cir. 1990) (law enforcement officer had probable cause to arrest individual who was seen talking for 30 seconds to, and then engaged in an exchange with, a known drug dealer); *Helton v. Doran*, No. 97 C 0220, 1999 WL 58641 (N.D.Ill. Jan. 26, 1999) (probable cause to arrest existed where officers patrolling in a high narcotics area observed plaintiff engage in conversation, an exchange of money, and one of the individuals fled as officers approached). Plaintiff's contention that probable cause did not exist because the other man did not flee is not persuasive because plaintiff testified in his deposition that the other man "left", and he failed to deny the defendants' statement of undisputed

4

facts which indicated the other man attempted to flee.

Even if this Court had found that defendants did not have probable cause to arrest plaintiff, summary judgment would still be appropriate because the Officers' decision to arrest plaintiff was protected by qualified immunity. Under the doctrine of qualified immunity, government officials are immune from litigation if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As applied to a claim for false arrest without probable cause, the Court must determine whether a reasonable officer could have mistakenly believed that probable cause existed. *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998). "Because qualified immunity protects all 'but the plainly incompetent or those who knowingly violate the law,' a law enforcement officer will be immune to claims based on an arrest without probable cause unless 'it is obvious that no reasonably competent officer' would have believed that there was probable cause to arrest." *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000) (citation omitted). Based on the facts known to the Officers at the time of the arrest as outlined above, a reasonable officer could have mistakenly believed that probable cause existed.

Defendants' Motion for Summary Judgement is granted as to the remaining count.

Dated: *January 23, 2001*

JOHN W. DARRAH
United States District Judge